Thomas W. Stilley, WSBA 21718
tstilley@sussmanshank.com
Laurie R. Hager, WSBA 38643
lhager@sussmanshank.com
SUSSMAN SHANK LLP
1000 SW Broadway, Suite 1400
Portland, OR  97205
Telephone: (503) 227-1111
Facsimile: (503) 248-0130

Attorneys for Precision Industrial Contractors, Inc.

IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| PRECISION INDUSTRIAL CONTRACTORS, INC., <br><br> Plaintiff, <br><br> v. <br><br> NEW HAMPSHIRE INSURANCE COMPANY, an Illinois corporation, <br><br> Defendant(s). | Case No.  17-5435 <br><br> **COMPLAINT** |

Plaintiff Precision Industrial Contractors, Inc. alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a). There is diversity of citizenship between Plaintiff and Defendant, and the amount in controversy exceeds $75,000.

2. Venue is proper pursuant to 28 U.S.C. 1391(b)(1).

**PARTIES**

3. Plaintiff Precision Industrial Contractors, Inc. is a Washington corporation with its principal place of business in Woodland, Washington.

COMPLAINT - Page 1

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

4. Defendant is an Illinois corporation with its principal place of business in New York. Defendant is registered as an insurance company with the Washington Office of the Insurance Commissioner, and has voluntarily engaged in continuous business activities in the state of Washington, including providing insurance to citizens and residents of the state of Washington.

5. This action arises out of Defendant's improper denial of Plaintiff's tender of defense and liability of underlying claims asserted against Plaintiff. Approximately one year after Defendant denied the tender, Defendant reversed its position and agreed to fund the defense of the underlying claims. By then, Plaintiff had incurred substantial defense costs and was forced to file a Chapter 11 bankruptcy. Plaintiff then submitted a portion of the defense costs to Defendant for payment. Despite acknowledging its obligation to pay defense costs, Defendant has failed and refused to pay any portion of Plaintiff's defense costs.

**GENERAL ALLEGATIONS**

6. In 2013, Plaintiff entered into a contract (the "PIC Asset Purchase Agreement") with Snowflake Mill Investors, LLC ("SMI") and Rabin Worldwide, Inc. ("Rabin") (collectively, "SMI/Rabin") to purchase certain assets from SMI/Rabin located at a non-operating paper mill in Snowflake, Arizona.

7. After purchasing the assets from SMI/Rabin, Plaintiff entered into an agreement with Gold Star Metals, LLC ("Gold Star") pursuant to which Plaintiff sold Gold Star a portion of the assets Plaintiff had purchased from SMI/Rabin (the "Gold Star Assets"). Gold Star agreed to remove the Gold Star Assets from the mill site and agreed to have Plaintiff named as an additional insured under its insurance policy.

8. Defendant issued to Gold Star its general commercial liability insurance policy no. 01-LX-022852719-3/000, effective May 30, 2013, through May 30, 2014 (the "Policy").

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

9. Plaintiff is an additional insured under the Policy based on an endorsement for "Additional Insured Where Required Under Written Contract."

10. On February 25, 2014, Plaintiff filed a lawsuit against SMI/Rabin for breach of contract and other claims entitled *Precision Industrial Contractors, Inc. v. Snowflake Mill Investors, LLC, Rabin Worldwide, Inc., and Does 1 through 50*, Superior Court of California, for the County of San Francisco, Case No. CGC-14-557564 (the "California Lawsuit"). On or about March 18, 2014, SMI/Rabin filed a Cross-Complaint against Plaintiff in the California Lawsuit, asserting property damage and other claims against Plaintiff allegedly caused by Gold Star's activities on the mill site (the "California Cross-Claims").

11. On or about February 28, 2014, SMI/Rabin sold the real property and improvements at the mill site to Snowflake Industrial Park, LLC ("SIP"), and SMI/Rabin also allegedly assigned their interests in the PIC Asset Purchase Agreement to SIP.

12. On or about March 17, 2014, Plaintiff filed a lawsuit against SIP for breach of contract and other claims entitled *Precision Industrial Contractors, Inc. v. Snowflake Industrial Park, LLC,* United States District Court for the District of Arizona, Case No. 3:14-cv-08044-JJT (the "Arizona Lawsuit"). On or about June 9, 2014, SIP filed counterclaims against Plaintiff in that same lawsuit (the "Arizona Counterclaims"). The Arizona Counterclaims asserted property damage and other claims allegedly caused by Gold Star's activities on the mill site.

13. On March 6, 2015, Plaintiff tendered the California Cross-Claims and Arizona Counterclaims (collectively, "the Claims") to Defendant. A copy of the tender letter is attached hereto as Exhibit 1.

14. In connection with making the tender, Plaintiff requested a copy of the Policy. Upon information and belief, Defendant refused to provide a copy of the Policy.

///

COMPLAINT - Page 3

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

15. Defendant had a duty under the Policy to provide Plaintiff with a defense to the Claims.

16. In or around August 2015, approximately five months after Plaintiff's tender, Defendant issued a disclaimer and denied coverage for the Claims and refused to provide Plaintiff with a defense (the "Disclaimers"). The Disclaimers were based primarily on Defendant's conclusion that Plaintiff was not an additional insured under the Policy. Copies of the Disclaimers are attached hereto as Exhibits 2 and 3.

17. The Disclaimers were incorrect because Defendant should have accepted the tender of the defense. Accordingly, Plaintiff made multiple attempts to convince Defendant to change its position, but it continued to deny the defense.

18. As a result of the wrongful Disclaimers, Plaintiff was forced to incur and pay substantial attorney fees and other costs in defending the Claims.

19. As a further result of the wrongful Disclaimers and resulting legal expenses Plaintiff incurred defending the claims, Plaintiff defaulted on its loans from Regents Bank, resulting in Regents Bank declaring a default and seeking the appointment of a receiver. In addition, Regents Bank's incurred attorney fees, costs, and expenses in enforcing its rights upon default that were added to the loan balance.

20. As a further result of the Disclaimers, on November 5, 2015, Plaintiff was forced to file a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the case entitled *In re Precision Industrial Contractors, Inc.*, United States Bankruptcy Court for the Western District of Washington, Case No. 15-45167-BDL (the "Bankruptcy Case").

21. On February 10, 2016, SIP filed a proof of claim in the Bankruptcy Case (the "SIP Bankruptcy Claim") asserting the identical Arizona Counterclaims against Plaintiff that it had asserted in the Arizona Lawsuit. As a result, Plaintiff was forced to incur additional attorney fees and costs in defending the SIP Bankruptcy Claim.

COMPLAINT - Page 4

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

1  Hereinafter, the SIP Bankruptcy Claim is included among the claims alleged and defined herein as "the Claims."

22. On March 15, 2016, the United States District Court in the Arizona Lawsuit dismissed the Arizona Counterclaims without prejudice.

23. On August 9, 2016, Defendant informed Plaintiff that Defendant was rescinding its Disclaimer and that it would pay "its allocable share of Plaintiff's reasonable defense by counsel of its choice." A copy of Defendant's August 9, 2016 rescission letter is attached hereto as Exhibit 4.

24. On August 31, 2016, SMI/Rabin voluntarily withdrew the California Cross-Claims in the California Lawsuit.

25. In response to Defendant's August 9, 2016 rescission letter agreeing to pay its allocable share of defense costs, on October 19, 2016, Plaintiff submitted to Defendant its defense costs of $858,945.88 allocable to defense of the Claims allegedly caused by Gold Star's activities on the mill site incurred between the date of tender (March 6, 2015) to September 26, 2016 (the "Submitted Defense Costs"). A copy of Plaintiff's October 19, 2016 letter submitting those costs to Defendant, without its enclosures is attached hereto as Exhibit 5.

26. The Submitted Defense Costs include: (a) attorney fees of $701,845.23, and costs of $49,703.88 incurred by Plaintiff with its attorneys, Michelman & Robinson, LLP, from March 6, 2015, until approximately April 2016; and (b) attorney fees of $106,876.00 and costs of $520.77 incurred by Plaintiff with its attorneys, Sussman Shank LLP, from Plaintiff's filing of its bankruptcy petition on November 5, 2015, to September 7, 2016.

27. Defendant failed to respond to Plaintiff's request for payment of the Submitted Defense Costs. Accordingly, on January 13, 2017, Plaintiff sent Defendant a letter demanding a response by no later than January 23, 2017. In that letter, Plaintiff

COMPLAINT - Page 5

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

advised Defendant that it intended to file a lawsuit against Defendant for the Submitted Defense Costs and to seek additional damages, together with Plaintiff's attorney fees and costs, if Defendant did not respond by the January 23, 2017 deadline.  A copy of the January 13, 2017 letter is attached hereto as Exhibit 6.

28. On January 20, 2017, Defendant responded to Plaintiff's January 13, 2017 demand, advising Plaintiff that Defendant was reviewing the Submitted Defense Costs, but could not respond by the January 23, 2017 deadline.  A copy of the January 20, 2017 letter is attached hereto as Exhibit 7.

29. On February 2, 2017, SIP voluntarily withdrew the SIP Bankruptcy Claim against Plaintiff in the Bankruptcy Case.

30. Receiving no further communication from Defendant following Defendant's January 20, 2017 response, on February 16, 2017, Plaintiff again contacted Defendant, at which time Defendant advised Plaintiff that it would need another month to respond to the request for payment of the Submitted Defense Costs.  Defendant failed to respond within the additional month.

31. Despite demand, Defendant has failed and refused to substantively respond to the Submitted Defense Costs, or to pay any portion of the Submitted Defense Costs.

32. Defendant's duty to defend Plaintiff dates back to when the California Cross-Complaint was initially filed against Plaintiff on March 18, 2014, and when the Arizona Counterclaims were initially filed against Plaintiff on or about June 9, 2014, up to March 6, 2015 (the "Pre-Tender Period").

33. Plaintiff has incurred additional defense costs during the Pre-Tender Period in an amount to be determined at trial (the "Pre-Tender Defense Costs").  The Submitted Defense Costs and Pre-Tender Defense Costs are collectively referred to herein as the "Defense Costs".

COMPLAINT - Page 6

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

34.    The Claims were first made on March 18, 2014.  Defendant admits the Claims are covered, but to date has not paid any amount on the Claims.

35.    On May 4, 2017, pursuant to RCW 48.30.015(8), Plaintiff provided written notice of the basis for the claims to Defendant and to the Office of the Insurance Commissioner.  The notice to Plaintiff was served by certified and first class mail.  Over 20 days have elapsed, but Plaintiff has received no response from Defendant.

**FIRST CLAIM FOR RELIEF**

**(Breach of Contract – Failure to Provide a Defense
and Pay Defense Costs)**

36.    Plaintiff realleges paragraphs 1 through 35 above, as if fully set forth herein.

37.    Defendant breached its obligations under the Policy by failing and refusing to provide Plaintiff with a defense promptly upon tender.

38.    Defendant has further breached its obligations under the Policy by failing and refusing to pay the Defense Costs.

39.    As a result of Defendant's breaches of the Policy, Plaintiff was forced to retain counsel and incur the Submitted Defense Costs, Plaintiff defaulted on its loan with Regents Bank, and Plaintiff was forced to file bankruptcy.

40.    Plaintiff has performed all obligations it was required to perform under the Policy.

41.    Plaintiff is entitled to recover its attorneys' fees, costs, and disbursements incurred herein pursuant to Washington law.

42.    As a result of Defendant's breaches of the Policy, Plaintiff has been damaged in an amount to be proven at trial, including but not limited to: (a) the Defense Costs; (b) Plaintiff's attorney's fees, costs, and expenses incurred as a result of its bankruptcy filing; (c) attorney's fees, costs, and expenses owed by Plaintiff to its lender

COMPLAINT - Page 7

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

1  Regents Bank resulting from Plaintiff's default on its loans and the bankruptcy filing; (d) consequential damages for lost business opportunities, increased capital costs, lost reputation, and lost profits; and (e) Plaintiff's attorneys' fees, costs, and disbursements incurred herein pursuant to *Olympic Steamship Co. v. Centennial Ins. Co.*, 117 Wn.2d 37 (1991) and its progeny ("*Olympic Steamship*").

## SECOND CLAIM FOR RELIEF

**(Breach of the Duty of Good Faith – Wrongful Refusal to Defend and Wrongful Refusal to Pay Defense Costs)**

43. Plaintiff realleges paragraphs 1 through 35 above, as if fully set forth herein.

44. Defendants had a duty to act in good faith with respect to Plaintiff's tender of the Claims.

45. Defendant breached its duty of good faith by wrongfully refusing to provide Plaintiff with a defense to the Claims promptly upon tender.

46. Upon information and belief, Defendant also breached its duty of good faith by wrongfully refusing to provide a copy of the Policy to Plaintiff.

47. Defendant further breached its duty of good faith by failing and refusing to pay the Defense Costs.

48. By the time Defendant finally reversed its decision and agreed to provide Plaintiff with a defense, Plaintiff had already incurred most of the Defense Costs, had defaulted on its loans with Regents Bank, and was forced to file bankruptcy.

49. Plaintiff is entitled to recover its attorneys' fees, costs, and disbursements incurred herein pursuant to Washington law.

50. As a result of Defendants' wrongful refusal to provide a defense, Plaintiff has been damaged in an amount to be proven at trial, including but not limited to: (a) the Defense Costs; (b) Plaintiff's attorneys' fees, costs, and expenses incurred as a

COMPLAINT - Page 8

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

1  result of its bankruptcy filing; (c) attorneys' fees, costs, and expenses owed by Plaintiff to its lender Regents Bank resulting from Plaintiff's default on its loans and the bankruptcy filing; (d) consequential damages for lost business opportunities, increased capital costs, lost reputation, and lost profits; and (e) Plaintiff's attorneys' fees, costs, and disbursements incurred herein pursuant to *Olympic Steamship*.

## THIRD CLAIM FOR RELIEF

### (Negligence)

51. Plaintiff realleges paragraphs 1 through 35 above, as if fully set forth herein.

52. Defendant negligently made the determination that the Claims were not covered under the Policy and that it had no duty to provide Plaintiff with a defense to the Claims.

53. By the time Defendant finally reversed its decision and agreed to provide Plaintiff with a defense, Plaintiff had already incurred most of the Defense Costs, had defaulted on its loans with Regents Bank, and was forced to file bankruptcy.

54. Plaintiff is entitled to recover its attorneys' fees, costs, and disbursements incurred herein pursuant to Washington law.

55. As a result of Defendants' negligence, Plaintiff has been damaged in an amount to be proven at trial, including but not limited to: (a) the Defense Costs; (b) Plaintiff's attorneys' fees, costs, and expenses incurred as a result of its bankruptcy filing; (c) attorneys' fees, costs, and expenses owed by Plaintiff to its lender Regents Bank resulting from Plaintiff's default on its loans and the bankruptcy filing; (d) consequential damages for lost business opportunities, increased capital costs, lost reputation, and lost profits; and (e) Plaintiff's attorneys' fees, costs, and disbursements incurred herein pursuant to *Olympic Steamship*.

/ / /

COMPLAINT - Page 9

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

**FOURTH CLAIM FOR RELIEF**

**(Violation of Insurance Fair Conduct Act (RCW 48.30.015))**

56. Plaintiff realleges paragraphs 1 through 35 above, as if fully set forth herein.

57. Defendant unreasonably denied coverage and refused to provide Plaintiff with a defense upon tender of the Claims.

58. Defendant failed to acknowledge and act reasonably promptly upon communications from Plaintiff with respect to the Claims.

59. By the time Defendant finally reversed its decision and agreed to provide Plaintiff with a defense, Plaintiff had already incurred most of the Defense Costs, had defaulted on its Regents Bank loans, and was forced to file bankruptcy.

60. Defendant has unreasonably failed and refused to pay the Defense Costs.

61. Defendant's conduct is in violation of RCW 48.30.015 and also in violation of WAC 284-30-330, WAC 284-30-360, and WAC 284-30-370.

62. As a result of Defendant's conduct, Plaintiff has been damaged in an amount to be proven at trial, including but not limited to: (a) the Defense Costs; (b) Plaintiff's attorneys' fees, costs, and expenses incurred as a result of its bankruptcy filing; (c) attorneys' fees, costs, and expenses owed by Plaintiff to its lender Regents Bank resulting from Plaintiff's default on its loans and the bankruptcy filing; (d) consequential damages for lost business opportunities, increased capital costs, lost reputation, and lost profits; (e) Plaintiff's attorneys' fees and actual and statutory litigation costs pursuant to RCW 48.30.015(1) and (3); and (f) treble damages pursuant to RCW 48.30.015(2).

/ / /

/ / /

/ / /

COMPLAINT - Page 10

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

**FIFTH CLAIM FOR RELIEF**

**(Violation of Antitrust/Consumer Protection Improvements Act (RCW 19.86.020))**

63.   Plaintiff realleges paragraphs 1 through 35, 44 through 49, 52 through 54, and 57 through 61 above, as if fully set forth herein.

64.   Defendant failed to acknowledge and act reasonably promptly upon communications with respect to the Claims.

65.   Defendant's conduct is injurious to the public interest because, on information and belief, Defendant's conduct toward Plaintiff reflects the way Defendant regularly conducts its business, which had or has the capacity to injure other persons.

66.   Defendant's conduct is in violation of RCW 48.30.015, of WAC 284-30-330, WAC 284-30-360, and WAC 284-30-370, and is in bad faith.  As a result of the foregoing, Defendant's conduct is in violation of RCW 19.86.090.

67.   As a result of Defendants' conduct, Plaintiff has been damaged in an amount to be proven at trial, including but not limited to: (a) the Defense Costs; (b) Plaintiff's attorneys' fees, costs, and expenses incurred as a result of its bankruptcy filing; (c) attorneys' fees, costs, and expenses owed by Plaintiff to its lender Regents Bank resulting from Plaintiff's default on its loans and the bankruptcy filing; (d) consequential damages for lost business opportunities, increased capital costs, lost reputation, and lost profits; (e) Plaintiff's attorneys' fees, costs, and disbursements incurred herein pursuant to RCW 19.86.090; and (f) treble damages pursuant to RCW 19.86.090, not to exceed $25,000.

**SIXTH CLAIM FOR RELIEF**

**(Attorney Fees Under *Olympic Steamship*)**

68.   Plaintiff realleges paragraphs 1 through 35, 37 through 41, 44 through 49, 52 through 54, 57 through 61, and 64 through 66, above, as if fully set forth herein.

COMPLAINT - Page 11

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

69. As a result of Defendant's wrongful conduct, Plaintiff has been compelled to assume the burden of legal action to obtain the benefit of the Policy. Pursuant to *Olympic Steamship*, Plaintiff is, therefore, entitled to recover its attorney fees incurred herein.

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

1. On its First Claim for Relief, for: (a) the Defense Costs; (b) Plaintiff's attorneys' fees, costs, and expenses incurred as a result of its bankruptcy filing; (c) attorneys' fees, costs, and expenses owed by Plaintiff to its lender Regents Bank resulting from Plaintiff's default on its loans and the bankruptcy filing; (d) consequential damages for lost business opportunities, increased capital costs, lost reputation, and lost profits; and (e) Plaintiff's attorneys' fees, costs, and disbursements incurred herein;

2. On its Second Claim for Relief for: (a) the Defense Costs; (b) Plaintiff's attorneys' fees, costs, and expenses incurred as a result of its bankruptcy filing; (c) attorneys' fees, costs, and expenses owed by Plaintiff to its lender Regents Bank resulting from Plaintiff's default on its loans and the bankruptcy filing; (d) consequential damages for lost business opportunities, increased capital costs, lost reputation, and lost profits; and (e) Plaintiff's attorneys' fees, costs, and disbursements incurred herein;

3. On its Third Claim for Relief for: (a) the Defense Costs; (b) Plaintiff's attorneys' fees, costs, and expenses incurred as a result of its bankruptcy filing; (c) attorneys' fees, costs, and expenses owed by Plaintiff to its lender Regents Bank resulting from Plaintiff's default on its loans and the bankruptcy filing; (d) consequential damages for lost business opportunities, increased capital costs, lost reputation, and lost profits; and (e) Plaintiff's attorneys' fees, costs, and disbursements incurred herein.

4. On its Fourth Claim for Relief for: (a) the Defense Costs; (b) Plaintiff's attorneys' fees, costs, and expenses incurred as a result of its bankruptcy filing; (c) attorneys' fees, costs, and expenses owed by Plaintiff to its lender Regents Bank

COMPLAINT - Page 12

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

resulting from Plaintiff's default on its loans and the bankruptcy filing; (d) consequential damages for lost business opportunities, increased capital costs, lost reputation, and lost profits; (e) Plaintiff's attorneys' fees and actual and statutory litigation costs pursuant to RCW 48.30.015(1) and (3); and (f) treble damages pursuant to RCW 48.30.015(2).

5.  On its Fifth Claim for Relief for: (a) the Defense Costs; (b) Plaintiff's attorneys' fees, costs, and expenses incurred as a result of its bankruptcy filing; (c) attorneys' fees, costs, and expenses owed by Plaintiff to its lender Regents Bank resulting from Plaintiff's default on its loans and the bankruptcy filing; (d) consequential damages for lost business opportunities, increased capital costs, lost reputation, and lost profits; (e) Plaintiff's attorneys' fees, costs, and disbursements incurred herein pursuant to RCW 19.86.090; and (f) treble damages pursuant to RCW 19.86.090, not to exceed $25,000.

6.  On its Sixth Claim for Relief, for its reasonable attorney fees incurred herein.

7.  For such other relief as the Court deems just.

DATED this 6th day of June, 2017.

SUSSMAN SHANK LLP


By *s/ Laurie R. Hager*
Thomas W. Stilley, WSBA 21718
Laurie R. Hager, WSBA 38643
Attorneys for Plaintiff

*23327-005\COMPLAINT AGAINST NEW HAMPSHIRE INSURANCE (02544759);6

COMPLAINT - Page 13

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130